### IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF ARKANSAS
### HARRISON DIVISION

REXALYN A. STRUENSEE                                                    PLAINTIFF

          v.                              Civil No. 13-3066

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                         DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Rexalyn A. Struensee, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

## I.       Procedural Background

Plaintiff applied for SSI on May 16, 2011. (Tr. 123.) Plaintiff alleged an onset date of September 30, 2009 due to head trauma, headaches, lack of feeling in left leg, post-concussive disorder, and vision problems. (Tr. 11, 164.) Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested an administrative hearing, which was held on May 4, 2012 in front of Administrative Law Judge ("ALJ") Harold Davis. (Tr. 29.) Plaintiff was present to testify and was represented by counsel. The ALJ also heard testimony from Vocational Expert ("VE") Diane Smith. (Tr. 29.) At the hearing, Plaintiff's attorney requested that her onset date be amended to May 1, 2011. (Tr. 11.)

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the administrative hearing, Plaintiff was 40 years old, and possessed a GED obtained after dropping out of school in the eighth grade. (Tr. 34.) .The Plaintiff had past relevant work experience ("PRW") of over-the-road trucker, cashier, and short order cook. (Tr. 21.)

On July 9, 2012, the ALJ concluded that Plaintiff suffered from the following severe impairments: complex fracture of L3, fracture of left distal femur, status post-open reduction internal fixation (ORIF), carcinoma of her right kidney status -post resection, cognitive disorder, depressive disorder and anxiety disorder. (Tr. 13.)  The ALJ found that Plaintiff maintained the residual functional capacity to perform light work. (Tr. 16.) He further found that she was limited to work that involves simple tasks, simple instructions and only incidental contact with the public. (Tr. 17.)  With the assistance of the VE, the ALJ determined that the Plaintiff could perform such representative occupations as small parts packer and bench assembler. (Tr. 22.)

Plaintiff requested a review by the Appeals Council on July 26, 2012. (Tr. 6.) The Appeals Council declined review on June 6, 2013. (Tr. 1.)  Plaintiff filed this appeal on June 27, 2013. (ECF. No. 1.) Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 10, 11.)

## II.  Applicable Law

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence  is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.*  As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  If the court finds it possible

2

"to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

## III.   Discussion

Plaintiff raises one issue on appeal: the ALJ erred by failing to have a recent RFC assessment completed by a treating or examining physician. (Tr. 15.) The Court agrees.

3

The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001) Therefore, a claimant's RFC assessment "must be based on medical evidence that addresses the claimant's ability to function in the workplace.""An administrative law judge may not draw upon his own inferences from medical reports."*Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000). Instead, the ALJ should seek opinions from a claimant's treating physicians or from consultative examiners regarding the claimant's mental and physical RFC. *Id.*; *Strongson v. Barnhart,* 361 F. 3d 1066, 1070 (8th Cir. 2004.)

In this case, Plaintiff has supplied medical records for and testified to a variety of serious physical injuries and illnesses, primarily orthopedic and oncologic in nature. (*See e.g.* Tr. 41-43, 45, 356-61, 582-85.) The ALJ noted this and included them as severe impairments. (Tr. 13, 17-18.) Plaintiff saw consultative orthopedic specialist  Dr. Charles Varela on October 6, 2003. (Tr. 582-85.) He completed an RFC Assessment. However, in his discussion he noted that she was pending further surgery to try to resolve ongoing conditions. (Tr. 583.) The ALJ did not give Dr. Varela's opinion significant weight because "his opinion was rendered prior to claimant's revision surgery for the nonunion of her left distal femur fracture." (Tr. 21.) The only other RFC Assessments in the record are Request For Medical Advice forms from nonexamining Agency physicians, one of which was performed without benefit of all the necessary records. (Tr. 513-18.)

There are no Physical RFC assessments from an examining or treating physician in the record. Therefore, the ALJ could only have relied upon his own inferences from the medical record or upon that of a nonexamining agency physician in determining Plaintiff's Overall RFC. This requires a remand.

On remand, the ALJ is directed to order a consultative examination with an orthopedic specialist. As part of this examination, the orthopedic physician must complete a Physical RFC Assessment for Plaintiff.  Due to Plaintiff's cancer diagnosis, a Physical RFC  taking her cancer and cancer treatment into account should also be performed, either by her treating oncologist or a consultative oncologist. The

4

ALJ is further directed to incorporate this information into the Overall RFC determination and to present that information to a VE for current occupational information.

**IV.**     **Conclusion**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 13th day of August 2014.

/s/ *J. Marschewski*

HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)